Shauck, J.
In addition to the instruction set out in the foregoing statement of the case, the court gave to the jury a general charge, devoting much time to definitions and details, portions of it suggesting that there must have been some evidence’ whose tendency is not clearly shown in the bill of exceptions. The evidence not being before us we are. confined to the statement contained in the record with respect to its tendency. Counsel for the plaintiff now insist that the court erred in the general charge when it instructed the jury that no evidence had been offered by the plaintiff that the defendant, had solicited his discharge. In support of the criticism, it is said that such solicitation might properly be inferred from the evidence tending to show that the defendant bore ill will toward the plaintiff and, that prompted thereby, he had threatened to have him discharged, and had made complaints of his misconduct. The force of this criticism seems to be completely averted by the suggestion that the court might have added that the petition did not charge; that the defendant had made such solicitation.
*163 Not being willing to give apparent approval to all that was said in the general charge, and not desiring to consider questions whose solution would not aid in determining the rights of the parties, we observe that the portion of the charge which related to the measure of damages has been rendered immaterial by the finding of the jury that the plaintiff was not entitled to recover at all, and that with respect to his right to recover the general charge contained nothing to detract from the force of the instruction requested and given, that if the plaintiff was guilty of the misconduct charged in the complaints made by the defendant to the superintendent of the company there could be no recovery, whatever motive prompted the defendant to make the complaints. The rights of the parties depend, therefore, upon the correctness of that instruction.
The ground of the present controversy, though lying near, is not within that covered by Allen v. Flood, 1898, A. C., 1 to 81. That case was reported at such great length that it is difficult to rescue the principles of the decision from the ocean of words in which they are submerged. But it is obvious that in the opinions favorable to the right to recover much weight was given to the fact that Allen, having control of so large a number of the workmen of the employers that he was able, by withdrawing them from their service, to occasion serious injury to their business, used that power to coerce the employers to discharge the complainants, with whose service they were entirely satisfied. In that case a recovery'was denied, and, following counsel for the plaintiff in an examination of the dissenting opinions, it seems quite clear that they proceeded upon considerations which are not presented here. *164 Although a civil liability was held to have been incurred in the somewhat similar case of Quinn v. Leathem, 1901, A. C., 495, where Allen v. Flood was much discussed, it was because of “a combination of two or more without justification or excuse, to injure a man in his trade.” Neither of these cases, nor any of the others cited by counsel for the plaintiff,! can have the effect to disturb the rule generally recognized and well established in this state, that it isj immaterial by what motive one is prompted in thej exercise of a clear legal right or the performance of a duty. Frazier v. Brown, 12 Ohio St., 294; Letts v. Kessler, 54 Ohio St., 73; Kelley v. The Ohio Oil Company, 57 Ohio St., 327. Certainly the motive which prompts one to the commission of a wrongful act may be very material, for it may determine whether the injured party may recover exemplary, or only compensatory damages. The record does not admit a doubt that the defendant exercised a legal right, if, indeed, he did not perform a duty in making complaint to the superintendent of the company of the plaintiff’s misconduct. The evidence tended to show, and the instruction required the jury to find, that the plaintiff had been guilty of the misconduct of which complaint was made. The defendant and his wife were patrons of the street railway company, a common carrier of passengers, and entitled, in common with the public generally, to civil treatment while aboard its cars, and to the benefit of the rules designed for the safety and comfort of passengers. The plaintiff was the representative of the company who came in contact with its patrons, and through whom it discharged some of the most important duties it owed the public. Since it would not be practicable for the company to insti *165 tute and maintain such supervision of the conduct of all its conductors as would secure the full performance of all their duties toward passengers, the patrons of the road should be encouraged to report their misconduct fairly and justly; nor should a patron of the company be required, by the consciousness of ill will toward the offender, to abstain from making a truthful report of such misconduct. Seeing that such misconduct naturally arouses resentment in all who observe it, it would result, from the contrary rule, that a conductor’s immunity from complaint would be in proportion to the offensiveness of his misconduct.
To prevent a possible misunderstanding of the point decided, it seems proper to say that we have no occasion to determine whether the instruction was as favorable to the defendant as it should have been. It required, as a condition to a verdict for the defendant, that the evidence should show that plaintiff had been actually guilty of the misconduct charged against him. It did not permit the defense to be made out by evidence that the defendant had made the complaints in the belief that they were true, and with < reasonable grounds for such belief. Another question might be presented if the instruction had been requested by the plaintiff and it had been followed by verdict and judgment in his favor. Restricting ourselves to the requirements of the case, we conclude that the instruction was not affected by any error prejudicial to the plaintiff.

Judgment affirmed.

Spear, O. J., Davis, Price, Crew and Summers, JJ., concur.